HELENE WASSERMAN, Bar No. 130134
hwasserman@littler.com
DAVID S. MAOZ, Bar No. 233857
dmaoz@littler.com
LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
Telephone:  310.553.0308
Fax No.:     310.553.5583

Attorneys for Defendants
BERRY GLOBAL, INC., BERRY GLOBAL FILMS, LLC, AND BERRY PLASTICS TECHNICAL SERVICES, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| GABRIELA ROYO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>BERRY GLOBAL, INC., a Delaware corporation; BERRY GLOBAL FILMS, LLC, a Delaware limited liability company; BERRY PLASTICS TECHNICAL SERVICES, INC., a Delaware corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.  5:21-cv-00885<br><br>**DEFENDANTS' NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT**<br><br>**[28 U.S.C. §§ 1332, 1441, 1446]**<br><br>Complaint Filed:  December 4, 2020 (San Bernardino County Superior Court) |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF GABRIELA ROYO, AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants BERRY GLOBAL, INC., BERRY GLOBAL FILMS, LLC, and BERRY PLASTICS TECHNICAL SERVICES, INC. (collectively, "Defendants") hereby remove the above-captioned action from the Superior Court for the State of California, County of San Bernardino to the United States District Court for the Central District of California. This removal is based on 28 U.S.C. sections 1441 and 1445. This Notice is based upon the original jurisdiction of this Court over the parties under 28 U.S.C. section 1332(a) and the existence of complete diversity of citizenship among the parties.

## STATEMENT OF JURISDICTION

1. This Court has original jurisdiction over this action under the diversity of citizenship statute. *See* 28 U.S.C. § 1332(a). In relevant part, the diversity statute grants district courts original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. As set forth below, this case meets all of the diversity statute's requirements for removal and is timely and properly removed by the filing of this Notice. *See* 28 U.S.C. §§ 1332, 1441(a) and 1446.

## VENUE

2. This action was filed in the Superior Court for the State of California, San Bernardino County. Venue properly lies in the United States District Court for the Central District of California, Eastern Division, pursuant to 28 U.S.C. sections 84(c)(1), 1391(a) and 1441(a).

## PLEADINGS, PROCESS AND ORDERS

3. On December 4, 2020, Plaintiff GABRIELA ROYO ("Plaintiff") filed an unverified Complaint for Damages in the Superior Court for the State of California, San Bernardino County titled: *GABRIELA ROYO, Plaintiff, vs. BERRY GLOBAL, INC., a*

*Delaware corporation; BERRY GLOBAL FILMS, LLC, a Delaware limited liability company; BERRY PLASTICS TECHNICAL SERVICES, INC., a Delaware corporation; and DOES 1 through 20, inclusive, Defendants*, Case Number CIVSB2028110 (hereinafter the "Complaint"). Declaration of David S. Maoz in Support of Defendants' Notice to Federal Court of Removal of Civil Action From State Court ("Maoz Decl."), ¶ 2 at **Exhibit A**.

4. Plaintiff's Complaint contains six (6) purported claims for: (1) Discrimination in Violation of Government Code §§ 12940, et seq.; (2) Retaliation in Violation of Government Code §§ 12940, et seq.; (3) Failure to Prevent Discrimination and Retaliation in Violation of Government Code § 12940(k); (4) Failure to Provide Reasonable Accommodations in Violation of Government Code §§ 12940, et seq.; (5) Failure to Engage in a Good Faith Interactive Process In Violation of Government Code §§ 12940, et seq.; and, (6) Wrongful Termination in Violation of Public Policy. Maoz Decl., ¶ 2 at **Exhibit A**. Plaintiff's prayer for relief includes prayers for:

 a. General damages;
 b. Special damages;
 c. Loss of earnings;
 d. Loss of earning capacity;
 e. Attorneys' fees and costs of suit;
 f. Pre-judgment interest;
 g. Post-judgment interest;
 h. Declaratory judgment;
 i. Injunctive relief; and,
 j. Punitive and exemplary damages.

*See* Compl., Prayer for Relief, ¶¶ 1-7.

5. On December 4, 2020, along with the Complaint (Exhibit A), Plaintiff filed a Summons and Civil Case Cover Sheet. Maoz Decl., ¶ 3, at **Exhibits B - C**.

6. On December 4, 2020, a Certificate of Assignment was filed by Plaintiff's counsel. Maoz Decl., ¶ 4, **Exhibit D**.

7. On January 11, 2021, the Court clerk issued a Notice of Trial Setting Conference and Notice of Case Assignment. Maoz Decl., ¶ 5, **Exhibit E**.

8. On February 15, 2021, Plaintiff's counsel provided Defendants' counsel with Notices and Acknowledgments for service of the Summons and Complaint and related documents attached thereto for all three Defendants (including the Complaint (Exhibit A); Summons and Civil Case Cover Sheet (Exhibits B - C); Certificate of Assignment (Exhibit D); and Notice of Trial Setting Conference; and, (Exhibit E)). Maoz Decl., ¶ 6.

9. On March 16, 2021, Defendants filed an answer to Plaintiff's complaint in the San Bernardino County Superior Court. Maoz Decl., ¶ 7, **Exhibit G**.

10. On March 19, 2021, the Court remanded the case to state court. In so doing, the Court stated as follows:

> Here, the Notice of Removal states, "[a]t the time Plaintiff commenced this action and at the time of removal, Plaintiff was a citizen of the State of California as Plaintiff herself alleges that she was a resident of the County of Riverside in the State of California. Compl., ¶ 2." (Removal ¶17.) Paragraph 2 of Plaintiff's Complaint only states, "Plaintiff at the time of the filing of this complaint, is a resident of the County of Riverside, State of California." (Removal, Ex. A ("Compl.") ¶2.) However, Residence is not necessarily the same as domicile. Kanter, 265 F.3d at 857 ("A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."). "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the

          relevant parties." Id. Without more, Defendants have not adequately alleged Plaintiff's citizenship.

Maoz Decl., ¶ 8, **Exhibit H.**

11. Defendants then served written discovery requests on Plaintiff to obtain further information about her residence, domicile, intent regarding her residence and domicile, and related issues. Maoz Decl., ¶ 9.

12. On April 27, 2021, Plaintiff served responses to Defendants' discovery requests that disclosed Plaintiff's residence and domicile as the state of California, both prior to the filing of this action, throughout her employment with Defendants (or some of them), and at the time of the removal, up to and including the date of the responses to the discovery requests. Maoz Decl., ¶ 9; **Exhibits I – K**.

13. To Defendants' knowledge, no further process, pleadings, or orders related to this case have been filed in the Superior Court for the State of California, San Bernardino County or served by any party other than as described above. Maoz Decl., ¶ 8. The Attachment of Exhibits A through K satisfies the requirements of 28 U.S.C. section 1446(a). *See* Maoz Decl., ¶¶ 1-11.

## **INDIVIDUAL & DOE DEFENDANTS**

14. No individual defendants are named in this action. Defendants are informed and believe that none of the Doe defendants in this case have been identified or served. As such, they need not join or consent in this Notice of Removal and are to be disregarded for the purpose of removal. 28 U.S.C. § 1441(a); *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984) (named defendants not yet served in state court action need not join in notice of removal).

## **TIMELINESS OF REMOVAL**

15. This Notice of Removal is timely. Under 28 U.S.C. § 1446(b), the notice of removal of a civil action must be filed within 30 days after service of the summons and complaint or through service or otherwise of a copy of other paper from which it may first be ascertained that the case is one which is or has become removable. 28 U.S.

Code §§ 1446(b)(1), (b)(3); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

16. On February 15, 2021, Plaintiff's counsel provided Defendants' counsel with Notices and Acknowledgments for service of the Summons and Complaint and related documents attached thereto for all three Defendants (including the Complaint (Exhibit A); Summons and Civil Case Cover Sheet (Exhibits B - C); Certificate of Assignment (Exhibit D); and Notice of Trial Setting Conference; and, (Exhibit E)).

17. The original removal occurred within 30 days of the service of the Summons and Complaint and was timely as a matter of law. *See* Maoz Decl., ¶¶ 1-7.

18. On March 19, 2021, the Court remanded the case to state court. In so doing, the Court stated as follows:

> Here, the Notice of Removal states, "[a]t the time Plaintiff commenced this action and at the time of removal, Plaintiff was a citizen of the State of California as Plaintiff herself alleges that she was a resident of the County of Riverside in the State of California. Compl., ¶ 2." (Removal ¶17.) Paragraph 2 of Plaintiff's Complaint only states, "Plaintiff at the time of the filing of this complaint, is a resident of the County of Riverside, State of California." (Removal, Ex. A ("Compl.") ¶2.) However, Residence is not necessarily the same as domicile. *Kanter*, 265 F.3d at 857 ("A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."). "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *Id.* Without more, Defendants have not adequately alleged Plaintiff's citizenship.

Maoz Decl., ¶ 8, **Exhibit H.**

19. Defendants then served written discovery requests on Plaintiff to obtain further information about her residence, domicile, intent regarding her residence and domicile, and related issues. Maoz Decl., ¶ 9.

20. On April 27, 2021, Plaintiff served responses to Defendants' discovery requests that disclosed Plaintiff's residence and domicile as the state of California, both prior to the filing of this action, throughout her employment with Defendants (or some of them), and at the time of the removal, up to and including the date of the responses to the discovery requests. Maoz Decl., ¶ 9; **Exhibits I – K**.

21. This removal is being filed and served within 30 days of receipt of Plaintiff's discovery responses reflecting that the case is removable due to the further information about Plaintiff's residence, domicile, intent related thereto, and related issues. As a result, this removal is timely as a matter of law. Maoz Decl., ¶¶ 1-11.

## DIVERSITY JURISDICTION

22. The diversity of citizenship statute provides in pertinent part that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between– (1) citizens of different States . . . ." 28 U.S.C. § 1332(a).

23. "Any civil action" commenced in state court is removable if it might have been brought originally in federal court. *See* 28 USC § 1441(a). Any case that could have been commenced in federal court based on diversity of citizenship can be removed from state court on this ground. *See* 28 U.S.C. § 1441(b). In order to remove a case to federal court on diversity grounds, two basic elements must be satisfied: (1) complete diversity must exist between the parties, i.e., Plaintiff and Defendants must be "citizens" of different states; and (2) the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332.

24. This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332 and which may be removed to this Court by Defendants pursuant to 28 U.S.C. § 1441(a) based on the existence of complete diversity of

citizenship between the real parties to this action and on the fact that the amount in controversy exceeds $75,000, as set forth below.

### A. **COMPLETE DIVERSITY OF CITIZENSHIP EXISTS.**
### **Plaintiff Is A Citizen Of The State Of California.**

25. Diversity of citizenship exists so long as no plaintiff is a citizen of the same state as any defendant at the time the action was filed and at the time of removal. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983); *see also LeBlanc v. Cleveland*, 248 F.3d 95, 100 (2d Cir. 2001) (citizenship determined at the time the lawsuit is filed); *Lundquist v. Precision Valley Aviation, Inc.*, 946 F.2d 8, 10 (1st Cir. 1991). A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. *See Kanter v. Warner–Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

26. At the time Plaintiff commenced this action and at the time of removal, Plaintiff was a citizen of the State of California as Plaintiff herself alleges that she was a resident of the County of Riverside in the State of California. Compl., ¶ 2. In addition, in her verified discovery responses, Plaintiff attests to being a resident and domicile of the city of Riverside, County of Riverside, state of California, at all relevant times, including during her employment, at termination, at the time of the filing of this lawsuit and removal, and up to and including the date of her responses to the discovery requests. Maoz Decl., ¶ 8, **Exhibit I** (Form Interrogatory No. 17.1 and Response Thereto); **Exhibit J** (Requests for Admission Nos. 1-22 and Responses Thereto). Plaintiff has resided and been domiciled in Riverside county, state of California with an intent to remain there and no intent to move anywhere else. In particular, Plaintiff states: "[a]t the time of Plaintiff's hiring by Defendants and up and to the present date, Plaintiff has been domiciled at 3485 Jefferson Street, Apt. 28, Riverside, CA 92504 which is located in the county of Riverside California. Plaintiff has not resided at any other addresses during this time period and has no intention of moving to a different county." Maoz

Decl., ¶ 8, **Exhibit I**, Response to Form Interrogatory 17.1(b). As a result, Plaintiff, by her own admission, is a citizen of the State of California. *See Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (residency can create a rebuttable presumption of domicile supporting diversity of citizenship); *State Farm Mut. Auto. Ins. Co. v. Dyer,* 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *see also Smith v. Simmons*, 2008 U.S. Dist. LEXIS 21162, *22 (E.D. Cal. 2008) (place of residence provides "prima facie" case of domicile).

### None of the Named Defendants Are Citizens Of The State Of California.

27. For purposes of Section 1332, a corporation is deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). As clarified by the United States Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77, 130 S. Ct. 1181; 175 L. Ed. 2d 1029 (2010), "the phrase 'principal place of business' in § 1332(c)(1) refers to the place where a corporation's high level officers direct, control, and coordinate the corporation's activities, *i.e.*, its 'nerve center,' which will typically be found at its corporate headquarters." *Id.* at 80.

28. In the case of a limited liability company, the court should consider the citizenship of each member or owner of the company. *See, e.g., Johnson v. Columbia Props. Anchorage, L.P.*, 437 F.3d 894, 899 (9th Cir. 2006) ("like a partnership, an LLC is a citizen of every state in which its owners/members are citizens.")

29. Defendants Berry Global, Inc., Berry Global Films, LLC, and Berry Plastics Technical Services, Inc. are not states, state officials, or any other type of governmental entities. Declaration of Mark Miles in Support of Defendants' Notice of Removal to Federal Court ("Miles Decl."), ¶ 2.

30. **Defendant Berry Global, Inc.** Berry Global, Inc. is the parent company

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

9.

of Berry Global Films, LLC and Berry Plastics Technical Services, Inc. Berry Global Films, LLC and Berry Plastics Technical Services, Inc. are wholly owned subsidiaries of Berry Global, Inc. Berry Global, Inc. maintains its corporate headquarters in Evansville, Indiana. Key executives of Berry Global, Inc., including all of the directors and most of its officers, are based out of its Evansville, Indiana corporate headquarters. Evansville, Indiana is also where Berry Global, Inc.'s centralized administrative functions and operations are based, and it is the actual center of director, control, and coordination for its operations. According to the business records available to me, Berry Global, Inc. is a corporation incorporated in the state of Delaware and its principal place of business is in Evansville, Indiana.

31. **Berry Global Films, LLC.** Berry Global Films, LLC maintains its corporate headquarters in Evansville, Indiana. Key executives of Berry Global Films, LLC, including all of the directors and most of its officers, are based out of its Evansville, Indiana corporate headquarters. Evansville, Indiana is also where Berry Global Films, LLC's centralized administrative functions and operations are based, and it is the actual center of director, control, and coordination for its operations. According to the business records available to me, Berry Global Films, LLC is a Limited Liability Company incorporated in the state of Delaware and its principal place of business is in Evansville, Indiana. The sole member of Berry Global Films, LLC is Berry Global, Inc., which is discussed in Paragraph 21, *supra*.

32. **Defendant Berry Plastics Technical Services, Inc.** Berry Plastics Technical Services, Inc. maintains its corporate headquarters in Evansville, Indiana. Key executives of Berry Plastics Technical Services, Inc., including all of the directors and most of its officers, are based out of its Evansville, Indiana corporate headquarters. Evansville, Indiana is also where Berry Plastics Technical Services, Inc.'s centralized administrative functions and operations are based, and it is the actual center of director, control, and coordination for its operations. According to the business records available to me, Berry Plastics Technical Services, Inc. is a corporation incorporated in the state

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

of Delaware and its principal place of business is in Evansville, Indiana.

33. Defendants Does 1 through 20 are fictitious. The Complaint does not set forth the identity or status of any said fictitious defendants, nor does it set forth any charging allegation against any fictitious defendants. Pursuant to section 1441(a), the citizenship of defendants sued under fictitious names must be disregarded for the purposes of determining diversity jurisdiction and cannot destroy the diversity of citizenship between the parties in this action. *Newcombe v. Adolf Coors Co.,* 157 F.3d 686, 690-91 (9th Cir. 1998).

34. Based on the foregoing, diversity is established between Plaintiff and Defendants because Plaintiff and all Defendants are citizens of different states.

### B. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.

35. Defendants need only show by a preponderance of the evidence (that it is more probable than not) that Plaintiff's claimed damages exceed the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co*, 102 F.3d 398, 403-04 (9th Cir. 1996). Further, the U.S. Supreme Court has held under 28 U.S.C. § 1446(a), a defendant seeking to remove a case to federal court need only file "a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co. LLC v. Owens*, 135 S. Ct. 547, 553 (2014). The Court held that this language tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure, and that "[a] statement 'short and plain' need not contain evidentiary submissions." *Id*. at 551, 553. Defendants need to only plausibly allege that the amount in controversy exceeds $75,000. *Id*. ("the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court"). Here, the Court can reasonably ascertain from the Complaint and its Prayer for Relief that the amount in controversy exceeds $75,000. *See Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) ("The district court may consider whether it is facially apparent from the complaint that the jurisdictional amount is in controversy." (internal citations and quotations omitted)).

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

11.

36. Plaintiff's Complaint does not specify the amount that she seeks to recover from Defendants in this action, but does indicate that she is seeking upward of the state Court's jurisdictional minimum of $25,000. *See* Complaint, Caption. Plaintiff's Complaint seeks damages for general and special damages, punitive damages, attorneys' fees and costs of suit. *See* Prayer for Relief, ¶¶ 1-7. Although Defendants deny that they should be liable for the damages alleged in Plaintiff's Complaint, for purposes of determining whether the minimum amount in controversy has been satisfied, the Court must presume that Plaintiff will prevail on each and every one of her claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).

37. The ultimate inquiry is the amount that is put "in controversy" by Plaintiff's Complaint, and not how much, if anything, Defendants will actually owe. *Rippee v. Boston Market Corp.*, 408 F.Supp.2d 982, 986 (S.D. Cal. 2005); *see also Schere v. Equitable Life Assurance Soc'y of the U.S.*, 347 F.3d 394, 399 (2d Cir. 2003) (recognizing that the ultimate or provable amount of damages it not what is considered in the removal analysis; rather, it is the amount put in controversy by the plaintiff's complaint).

38. ***Defendants deny the validity and merits of Plaintiff's claims, the legal theories upon which they are purportedly based, and the claims for monetary and other relief that flow from them***. Nevertheless, the amount in controversy as alleged by Plaintiff far exceeds the sum of $75,000.

**Lost Earnings and Benefits.**

39. Plaintiff seeks recovery of economic losses, alleging that as a result of Defendants' conduct she "has suffered and will continue to suffer general and special damages, including … past and future lost wages and benefits." Complaint, ¶¶ 38, 53, 62, 74, 86, and 100; *see* Prayer for Relief, ¶ 1-8. Defendant Berry Global Films, LLC is the employer of record for Plaintiff and Plaintiff's hourly rate of pay is $16.20. Declaration of Lora Bingman in Support of Defendants' Notice of Removal ("Bingman

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

12.

Decl."), ¶ 3. Plaintiff alleges that she was denied the ability to work and earn wages at Defendant Berry Global Films, LLC starting on April 8, 2019 when the company sent her home despite her alleged ability to work. Complaint, ¶ 24. In 2018, Plaintiff earned $13,854.78 for approximate five months of work, from approximately May, 2018 to November, 2018. Bingman Decl., ¶ 3; Complaint, ¶¶ 18-19. In 2019, Plaintiff earned $8,851.10 for her services performed between January and March, 2019 (as starting April 8, 2019 Plaintiff was placed off from work up to and including the present). Bingman Decl., ¶ 3; Complaint, ¶ 24. Although Defendants deny Plaintiff is entitled to recover any damages, assuming *arguendo* Plaintiff was to recover alleged lost income for the equivalent of two to three years of earnings, which is a conservative estimate (as presently, Plaintiff has already incurred two years of lost earnings, and even an expeditious trial will lead to three years of lost income by the time it occurs), Plaintiff could recover $67,392.00 to 101,088.00 in back pay (*i.e.*, $16.20/hr X 2080 hours/52 weeks, which correlates to Plaintiff's partial earnings in 2018 and 2019 on a pro rata basis and her allegations of being a full-time employee and entitled to lost wages for such. *See* Bingman Decl., 3; Complaint, ¶ 18, Prayer for Relief, ¶ 1.).

40.  In addition, Plaintiff seeks future damages or front pay as a result of the alleged wrongs by Defendants. Front pay awards in California frequently span a number of years. *See Smith v. Brown-Forma Distillers Corp.*, 196 Cal.App.3d 503, 518 (1989) (front pay until mandatory retirement age reached); *Rabago-Alvarez v. Dart Indus., Inc.*, 55 Cal.App.3d 91, 97-98 (1976) (four years). Even conservatively estimating that Plaintiff seeks front pay benefits for only one year, the amount of future income in controversy in this case would total at least an additional $33,696.00.

41.  Thus, Plaintiff could recover approximately $101,088.00 to $134,784.00 in compensatory damages, exclusive of health and welfare benefits. *James v. Childtime Childcare, Inc.*, 2007 WL 1589543, at *2 n. 1 (E.D. Cal. June 1, 2007) (affirming both past and future lost wages should be considered); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (considering past and future wages in determining the amount

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

13.

in controversy).

**General Damages.**

42. The amount in controversy includes claims for general damages, exclusive of costs and interest. *See Ajimatanrareje v. Metropolitan Life Ins. Co.*, 1999 U.S. Dist. LEXIS 7339 at 4 (N.D. Cal. 1999) (emotional distress damages "may be considered in the amount in controversy even when not clearly pled in the complaint."); *Conrad Associates v. Hartford Acc. & Indem. Co.*, 994 F.Supp. 1196, 1198 (N.D. Cal. 1998); *Richmond v. Allstate Ins. Co.*, 897 F.Supp.447, 450 (S.D. Cal. 1995) (holding same).

43. Here, Plaintiff alleges that, as a result of Defendants' alleged unlawful conduct, she "has suffered and will continue to suffer … severe and profound pain and emotional distress, anxiety, depression, headaches, tension, and other physical ailments, as well as medical expenses, expenses for psychological counseling and treatment…" Complaint, ¶¶ 38, 53, 62, 74, 86, and 100. Though Defendants dispute that Plaintiff is entitled to any such award, Plaintiff's potential recovery of such damages clearly demonstrates that the jurisdictional prerequisite for removal of this action is met. *See Velez v. Roche*, 335 F.Supp.2d 1022, 1038-40 (N.D. Cal. 2004) (surveying discrimination cases awarding emotional distress damages and concluding that "substantial jury awards of hundreds of thousands of dollars for non-economic damages have been upheld where there is evidence . . . that the plaintiff suffered heightened mental anguish"); *see also Irma Sanchez v. California Dept. of Corrections*, Case No. 1:12-cv-01835-SAB, 2015 WL 3849673 (E.D. Cal. June 11, 2015) (jury returning verdict for $550,000 in compensatory damages on plaintiff's discrimination and retaliation claims).

44. Similarly, in *Kroske*, the Ninth Circuit found that the district court's conclusion that the plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim" was not clearly erroneous, where she had $55,000 in lost wages, thus satisfying the amount in controversy requirement "even without including a potential award of attorney's fees." *Kroske*, 432 F.3d at 980.   Based on

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

14.

the conservative estimate from *Kroske*, here, Plaintiff could recover emotional distress damages in an amount of at least $33,000.00, the approximate equivalent of one year of wages, for her alleged emotional distress.

45. Based on Plaintiff's allegations of severe mental anguish due to the alleged intentional infliction of emotional distress, discrimination and retaliation, it can be reasonably ascertained that the amount in controversy on Plaintiff's claim for emotional distress damages is, at a minimum, $33,000.00.

**Punitive Damages.**

46. Plaintiff also seeks an award of punitive damages. *See* Complaint, Prayer for Relief, ¶ 5. California law does not provide any specific monetary limit on the amount of punitive damages which may be awarded under Civil Code section 3294, and the proper amount of punitive damages under California law is based on the reprehensibility of the defendant's misdeeds, the ratio between compensatory and punitive damages, and the ratio between damages and the defendant's net worth. *See Boyle v. Lorimar Prods., Inc.*, 13 F.3d 1357 (9th Cir. 1994). Moreover, punitive damages are included in calculating the amount in controversy. *Davenport v. Mut. Ben. Health & Acci. Assoc.*, 325 F.2d 785, 787 (9th Cir. 1963).

47. In *State Farm v. Campbell*, 538 U.S. 408, 425 (2003), the Supreme Court ruled that a single-digit ratio (*i.e.*, no more than nine-to-one) was appropriate when issuing an award of punitive damages. For instance, in *Wysinger v. Auto. Club of Southern California*, the court upheld punitive damages of $1 million in a FEHA discrimination/retaliation case, where the compensatory damages were $280,000. *Wysinger*, 157 Cal.App.4th 413 (2007). There, the Court noted that the award was less than four times the amount of compensatory damages, and, as such, "falls within the range of multipliers that are commonly used to achieve the goals of punitive damages." *Id.* at 428-29.

48. Although Defendants vigorously deny Plaintiff's allegations, if Plaintiff were to prevail on one of her claims and establish an award under California Civil Code

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

15.

section 3294, the punitive damages alone could exceed the jurisdictional minimum. In *Aucina v. Amoco Oil, Co.*, 871 F.Supp.332 (S.D. Iowa 1994), the defendant employer established the amount in controversy exceeded the jurisdictional minimum in a discrimination and wrongful discharge lawsuit where the former employee asserted claims for lost wages, lost benefits, mental anguish, and punitive damages. The court noted that "[b]ecause the purpose of punitive damages is to capture defendant's attention and deter others from similar conduct," the plaintiff's claim for punitive damages "might alone" exceed the jurisdictional minimum. *Id.* at 334. Further, numerous court decisions and jury verdicts demonstrate that compensatory and punitive damages in excess of $75,000 have been awarded to individual plaintiffs where, as here, the plaintiff alleges failure disability discrimination and/or retaliation. *See, e.g.*, *Roby v. McKesson Corp.*, 47 Cal.4th 686 (2009) (affirming punitive damages award of $1.9 million, an amount equivalent to the compensatory damages award, where plaintiff alleged FEHA claims including disability discrimination and wrongful termination); *McGee v. Tucoemas Federal Credit Union*, 153 Cal.App.4th 1351 (2007)(jury verdict of $1.2 million in punitive damages where Plaintiff alleged FEHA claims including disability discrimination).

49.  Here, again assuming Plaintiff were to recover punitive damages in an amount approximately equal to one year of her alleged compensatory damages, Plaintiff would recover an additional $33,000 for her alleged punitive damages.

50.  Thus, based on the combined total of Plaintiff's lost wages, emotional distress damages, and potential punitive damages alone, it can be reasonably ascertained that the amount in controversy is well in excess of $75,000.

**Attorneys' Fees.**

51.  Plaintiff also seeks attorneys' fees. Compl., Prayer for Relief, ¶ 6. It is well-settled that, when authorized by statute, attorneys' fees are to be included in the calculation of the amount of Plaintiff's claims for purposes of determining whether the requisite jurisdictional minimum is met. *Lowdermilk v. U.S. Bank Nat'l Assoc.*, 479.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

16.

1  F.3d 997, 1000 (9th Cir. 2007); *Kroske*, 432 F.3d at 980; *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy.").

52. Plaintiff's Complaint alleges violations of the FEHA, which authorizes an award of reasonable attorneys' fees to a prevailing plaintiff. Cal. Gov. Code §12965(b). While Plaintiff's attorneys' fees cannot be precisely calculated, it is reasonable to assume that they could exceed a damages award. *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002) (noting that "attorneys' fees in individual discrimination cases often exceed the damages").

53. Any estimate of attorney's fees includes fees over the life of the case, not just the fees incurred at the time of removal. *Fritsch v. Swift Transportation Co. of Arizona*, 899 F.3d 785 (9th Cir. 2018). "Recent estimates for the number of hours expended through trial for employment cases in [the Central District of California] have ranged from 100 to 300 hours. Therefore, 100 hours is an appropriate and conservative estimate. Accordingly, attorneys' fees in [an employment discrimination case alleging wrongful termination] may reasonably be expected to equal at least $30,000 (100 hours x $300 per hour)." *Sasso v. Noble Utah Long Beach, LLC*, Case No. CV 14-09154-AB (AJWx), 2015 U.S. Dist. LEXIS 25921, at *12 (C.D. Cal. March 3, 2015) (citations omitted). In fact, the attorneys' fees alone through trial of any cause of action would likely exceed $200,000 and could be many times that amount. *See Flannery v. Prentice*, 26 Cal.4th 572 (2001) (upholding an award of attorneys' fees under the FEHA for $1,088,231); *see also Zissu v. Bear, Stearns & Co.*, 805 F.2d 75 (2d Cir. 1986) (upholding award for attorney's fees in the amount of $550,000). Thus, Plaintiff's attorneys' fees add, at the least, $30,000 to the amount in controversy, and in some cases, over $500,000.

54. Therefore, based on the foregoing, a preponderance of the evidence demonstrates that the amount in controversy exceeds the jurisdictional minimum of

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

17.

1  $75,000, exclusive of interest and cost.  Specifically, based on the aforementioned
2  conservative figures, Defendants estimate the amount in controversy to be at least
3  $197,088 ($101,088 economic damages + $33,000 emotional distress + $33,000
4  punitive damages + $30,000 attorneys' fees).  *See, e.g., Akers v. County of San Diego*,
5  95 Cal.App.4th 1441, 1445 (2002) (affirming judgment of $150,000 plus $249,245 in
6  attorneys' fees in a matter alleging pregnancy discrimination and retaliation).

**Other Relief.**

55.  Plaintiff's Complaint also seeks "declarataory," "injunctive," and "such other and further relief as the court deems just and proper."  Compl., Prayer for Relief, ¶¶ 3, 4, and 8.  Although uncertain in amount, this open-ended relief sought by Plaintiff only serves to increase the amount in controversy.  *See, Lewis v. Exxon Mobil Corp.*, 348 F. Supp. 2d 932, 932-43 (W.D. Tenn. 2004) (the "open-ended" relief sought by plaintiff, who prayed for "judgment to be determined by a jury, for all incidental, consequential, compensatory and punitive damages" established that his case met the amount in controversy requirement even though he pled in the complaint that he did not assert a claim in excess of $75,000).

56.  Because it is facially apparent from the Complaint and as set forth above, Defendants have met their burden of establishing by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum of $75,000.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

18.

## NOTICE TO PLAINTIFF AND STATE COURT

57. Immediately following the filing of this Notice of Removal in the United States District Court for the Central District of California, Eastern Division, Defendants will arrange for notice of such filing to be given by the undersigned to Plaintiff's counsel of record, and for a copy of the Notice of Removal to be filed with the Clerk of the San Bernardino County Superior Court.  Maoz Decl., ¶ 11.

///
///
///

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

19.

WHEREFORE, having provided notice as required by law, the above-entitled action should be removed from the San Bernardino County Superior Court to this honorable District Court.

Dated: May 21, 2021

LITTLER MENDELSON, P.C.,

*/s/ David S. Maoz*
HELENE WASSERMAN
DAVID S. MAOZ
LITTLER MENDELSON, P.C.
Attorneys for Defendants
BERRY GLOBAL, INC., BERRY GLOBAL FILMS, LLC, AND BERRY PLASTICS TECHNICAL SERVICES, INC.

4833-2747-6971.1 / 073613-1057

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

20.