# EXHIBIT A

Jace H. Kim, Esq. (SBN 282039)
Jace.Kim@Dominguezfirm.com
Carlos Andres Perez, Esq. (SBN 285645)
Carlos.Perez@Dominguezfirm.com
Javier Ramirez, Esq. (SBN 249516)
Javier.Ramirez@Dominguezfirm.com
**THE DOMINGUEZ FIRM, LLP**
3250 Wilshire Boulevard, Suite 1200
Los Angeles, CA 90010
Telephone: (213) 381-4011
Facsimile: (213) 201-8212

Attorneys for Plaintiff,
GABRIELA ROYO

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT
DEC 04 2020
BY Angela Cardona DEPUTY

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN BERNARDINO**

GABRIELA ROYO, an individual,

Plaintiff,

v.

BERRY GLOBAL, INC., a Delaware corporation; BERRY GLOBAL FILMS, LLC, a Delaware limited liability company; BERRY PLASTICS TECHNICAL SERVICES, INC., a Delaware corporation; and DOES 1 through 20, inclusive,

Defendants.

Case No. CIV SB 2023110

**COMPLAINT FOR DAMAGES FOR:**

1. **DISCRIMINATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;**
2. **RETALIATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;**
3. **FAILURE TO PREVENT DISCRIMINATION AND RETALIATION IN VIOLATION OF GOV'T CODE §12940(k);**
4. **FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;**
5. **FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.; AND**
6. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

**DEMAND OVER $25,000**

**[DEMAND FOR JURY TRIAL]**

BY FAX

**COMES NOW PLAINTIFF, GABRIELA ROYO**, and for causes of action against Defendants and each of them, alleges as follows:

## JURISDICTION

1. This Court is the proper court, and this action is properly filed in the County of San Bernardino, because Defendants' obligations and liability arise therein, because Defendants transact business within the County of San Bernardino, and because the work that is the subject of this action was performed by Plaintiff in the County of San Bernardino.

## THE PARTIES

2. Plaintiff at the time of the filing of this complaint, is a resident of the County of Riverside, State of California.

3. Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant BERRY GLOBAL, INC. was and is a Delaware corporation, doing business at 14000 Monte Vista Ave., Chino, in the County of Los San Bernardino, State of California.

4. 3. Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant BERRY GLOBAL FILMS, LLC was and is a Delaware limited liability company, doing business at 14000 Monte Vista Ave., Chino, in the County of San Bernardino, State of California.

5. Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant BERRY PLASTICS TECHNICAL SERVICES, INC. was and is a Delaware corporation, doing business at 14000 Monte Vista Ave., Chino, in the County of San Bernardino, State of California.

6. Defendants BERRY GLOBAL, INC., BERRY GLOBAL FILMS, LLC, and BERRY PLASTICS TECHNICAL SERVICES, INC. (hereinafter collectively referred to as "Defendants"), were Plaintiff's employer, joint employer and/or special employer within the meaning of Government Code §§12926, subdivision (d), 12940, subdivisions (a),(h),(1), (h)(3)(A), and (i), and 12950, and regularly employs five (5) or more persons and are therefore subject to the jurisdiction of this Court.

7. At all times relevant herein, Defendants were Plaintiff's employer, joint employer and/or special employer and are liable to Plaintiff on that basis.

8. The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants named herein as DOES 1-20, inclusive, are unknown to Plaintiff at this time and therefore said Defendants are sued by such fictitious names. Plaintiff will seek leave to amend this complaint to insert the true names and capacities of said Defendants when the same become known to Plaintiff. Plaintiff is informed and believes, and based thereupon alleges, that each of the fictitiously named Defendants are responsible for the wrongful acts alleged herein, and are therefore liable to Plaintiff as alleged hereinafter.

9. Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, coconspirators, parent corporation, joint employers, alter egos, successors, and/or joint ventures of Defendants, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, successor status and/or joint venture and with the permission and consent of Defendants.

10. Plaintiff is informed and believes, and based thereupon alleges, that Defendants and defendants named as DOES 1-20, acted in concert with one another to commit the wrongful acts alleged herein, and aided, abetted, incited, compelled and/or coerced one another in the wrongful acts alleged herein, and/or attempted to do so, including pursuant to Government Code §12940(i). Plaintiff is further informed and believes, and based thereupon alleges, that Defendants and defendants named as DOES 1-20, and each of them, formed and executed a conspiracy or common plan pursuant to which they would commit the unlawful acts alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy, intended to cause and actually causing Plaintiff harm.

11. Whenever and wherever reference is made in this complaint to any act or failure to act by a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by Defendants and DOES 1-20 acting individually, jointly and severally.

12. Plaintiff has filed complaints of discrimination, retaliation, failure to prevent discrimination, and/or retaliation, and termination and/or wrongful termination under Government Code

§§12940, et seq., the California Fair Employment and Housing Act ("FEHA") with the California Department of Fair Employment and Housing ("DFEH"), and has satisfied Plaintiff's administrative prerequisites with respect to these and all related filings.

**ALTER EGO, AGENCY, SUCCESSOR AND JOINT EMPLOYER**

13. Plaintiff is informed and believes, and based thereupon alleges, that there exists such a unity of interest and ownership between Defendants and DOES 1-20 that the individuality and separateness of defendants have ceased to exist.

14. Plaintiff is informed and believes, and based thereupon alleges, that despite the formation of purported corporate existence, Defendants and DOES 1-20 are, in reality, one and the same.

15. Accordingly, Defendants and DOES 1-20 constitute the alter egos of one another, and the fiction of their separate corporate existence must be disregarded.

16. As a result of the aforementioned facts, Plaintiff is informed and believes, and based thereupon alleges that Defendants and DOES 1-20 are Plaintiff's joint employers by virtue of one or more joint corporations, businesses, or enterprises, and that Plaintiff was an employee of Defendants and DOES 1-20. Plaintiff performed services for each and every one of Defendants, and to the mutual benefit of all Defendants, and all Defendants shared control of Plaintiff as an employee, either directly or indirectly, and the manner in which Defendants and DOES 1-20's businesses were and are conducted.

17. Alternatively, Plaintiff is informed and believes, and based thereupon alleges, that as and between Defendants and DOES 1-20, (1) there is an express or implied agreement of assumption pursuant to which Defendants and DOES 1-20 agreed to be liable for the debts of each other, (2) the transaction between Defendants and DOES 1-20 amounts to a consolidation or merger of the two or more businesses or corporations, (3) Defendants and DOES 1-20 are mere continuations of each other, or (4) the transfer of assets to Defendants and DOES 1-20 are for the fraudulent purposes of escaping liability for each other's debts. Accordingly, Defendants and DOES 1-20 are the successors of each other, and are liable on that basis.

///

///

## FACTUAL ALLEGATIONS

18. On or around April 26, 2018, Plaintiff was hired by Defendants as a packer and machine operator. Plaintiff was paid approximately $14.75 per hour. At all relevant times, Plaintiff was a full-time, non-exempt employee.

19. On or about December 5, 2018, while at work, Plaintiff suffered a disabling work-related injury to her hands. Plaintiff's injury limited Plaintiff's ability to perform the major life activity of work and therefore constituted a disability. Plaintiff immediately reported Plaintiff's injury to Defendants.

20. Defendants subsequently sent Plaintiff to a doctor for medical treatment. The doctor initially determined that Plaintiff could return to work on December 6, 2018, without work restrictions.

21. On or about January 18, 2019, Plaintiff's doctor placed Plaintiff on modified work duties including limited lift, push, and pull up to 10 pounds. Plaintiff was also to wear a smart glove. Plaintiff promptly turned in Plaintiff's medical note setting forth Plaintiff's work restrictions to Defendants. However, Defendants did not respect Plaintiff's work restrictions and Plaintiff was required to perform work that violated Plaintiff's work restrictions. Plaintiff also sought help performing her job duties due to her disability.

22. However, in or about January 2019, Defendants retaliated against Plaintiff by reducing her hours and by changing Plaintiff's schedule from the night shift to the morning shift. Plaintiff requested to be placed back on Plaintiff's regular shift and also to re-gain her normal work hours, but Defendants ignored Plaintiff's request.

23. On or about April 5, 2019, Plaintiff requested a reasonable accommodation to Defendants. Defendants in retaliation, however, denied Plaintiff the reasonable accommodation and threatened to dock her absence points in return.

24. On or about April 8, 2019, Defendants told the Plaintiff to go home ostensibly because there was no work available for her.

25. Then, on or about June 1, 2020, Plaintiff's doctor gave her permanent work restrictions including no lifting, pushing, or pulling over 10 pounds, as well as no repetitive gripping or grasping with the right upper extremities for more than 2 hours per shift. Plaintiff promptly turned in Plaintiff's medical note setting forth Plaintiff's permanent work restrictions to Defendants.

26. However, on that day, Defendants again did not allow her to return to work and told the Plaintiff that there was no work for her unless Plaintiff's doctor would remove all her restrictions.

27. As such, on or about June 1, 2020, the Company wrongfully terminated Plaintiff's employment based upon her real or perceived disability and/or medical condition and engagement in protected activity.

**FIRST CAUSE OF ACTION**

**FOR DISCRIMINATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.**

**AGAINST ALL DEFENDANTS AND DOES 1-20, INCLUSIVE**

28. Plaintiff re-alleges and incorporates by reference all preceding paragraphs, inclusive, as though set forth in full herein.

29. At all times hereto, the FEHA was in full force and effect and was binding upon Defendants.

30. As such term is used under FEHA, "on the bases enumerated in this part" means or refers to discrimination on the bases of one or more of the protected characteristics under FEHA.

31. FEHA requires employers to refrain from discriminating against an employee on the basis of disability, and/or medical condition, real or perceived, and engagement in protected activities from occurring.

32. Plaintiff was a member of multiple protected classes as a result of her, disability or perceived disability, medical condition, or perceived medical condition and engagement in protected activities.

33. At all times relevant hereto, Plaintiff was performing competently in the position Plaintiff held with Defendants.

34. Plaintiff suffered the adverse employment actions of unlawful discrimination and retaliation, failure to investigate, remedy, and prevent discrimination and retaliation, failure to reinstate and return to work, termination, and, and was harmed thereby.

35. Plaintiff is informed and believes that Plaintiff's disability or perceived disability, medical condition or perceived medical condition, and engagement in protected activities, and some

combination of these protected characteristics under Government Code §12926(j) were motivating reasons and factors in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

36. Said conduct violates the FEHA, and such violations were a proximate cause in Plaintiff's damages as stated below.

37. The foregoing conduct of Defendants individually, and/or by and through its officers, directors, and/or managing agents, was intended by Defendants to cause injury to Plaintiff or was despicable conduct carried out by Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

38. As a result of Defendants' actions, Plaintiff has suffered and will continue to suffer general and special damages, including severe and profound pain and emotional distress, anxiety, depression, headaches, tension, and other physical ailments, as well as medical expenses, expenses for psychological counseling and treatment, and past and future lost wages and benefits.

39. As a result of the above, Plaintiff is entitled to past and future lost wages, bonuses, commissions, benefits and loss or diminution of earning capacity.

40. Plaintiff claims general damages for emotional and mental distress and aggravation in a sum in excess of the jurisdictional minimum of this court.

41. Because the acts taken toward Plaintiff were carried out by officers, directors and/or managing agents acting in a deliberate, cold, callous, cruel and intentional manner, in conscious disregard of Plaintiff's rights and in order to injure and damage Plaintiff, Plaintiff requests that punitive damages be levied against Defendants and each of them, in sums in excess of the jurisdictional minimum of this court.

42. Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

///

///

**SECOND CAUSE OF ACTION**

**FOR RETALIATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.**

**AGAINST ALL DEFENDANTS AND DOES 1-20, INCLUSIVE**

43. Plaintiff re-alleges and incorporates by reference all preceding paragraphs, inclusive, as though set forth in full herein.

44. At all times hereto, the FEHA was in full force and effect and was binding upon Defendants.

45. These laws set forth in the preceding paragraph require employers to refrain from retaliating against an employee for engaging in protected activity.

46. Plaintiff engaged in the protected activities of requesting accommodation, requesting medical leave, exercising Plaintiff's right to medical leave and complaining about and protesting Defendants' discriminatory conduct towards Plaintiff based upon Plaintiff's disability, medical condition, real or perceived, and use of medical leave.

47. Plaintiff suffered the adverse employment actions of unlawful discrimination and retaliation, failure to investigate, remedy, and prevent discrimination and retaliation, failure to reinstate and return to work, termination, and, and was harmed thereby.

48. Plaintiff is informed and believes that Plaintiff's real or perceived disability, requests for accommodation, request for medical leave, exercise of Plaintiff's right to medical leave, complaints and protestations about Defendants' discriminatory conduct, and/or some combination of these factors, were motivating reasons and/or factors in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

49. Defendants violated the FEHA by retaliating against Plaintiff, and terminating Plaintiff's employment for attempting to exercise Plaintiff's protected rights, by taking medical leave, and requesting accommodation for Plaintiff's disability and/or medical condition as set forth hereinabove. Plaintiff's engagement in such protected activities were a substantial factor in Defendants' decision to subject Plaintiff to the aforementioned adverse employment actions.

///

///

50. Plaintiff is informed and believes, and based thereupon alleges, that the above acts of retaliation committed by Defendants were done with the knowledge, consent, and/or ratification of, or at the direction of Defendants and Defendants' Managers.

51. The above said acts of Defendants constitute violations of the FEHA, and were a proximate cause in Plaintiff's damages as stated below.

52. The foregoing conduct of Defendants individually, and/or by and through its officers, directors, and/or managing agents, was intended by Defendants to cause injury to Plaintiff or was despicable conduct carried out by Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

53. As a result of Defendants' actions, Plaintiff has suffered and will continue to suffer general and special damages, including severe and profound pain and emotional distress, anxiety, depression, headaches, tension, and other physical ailments, as well as medical expenses, expenses for psychological counseling and treatment, and past and future lost wages and benefits.

54. As a result of the above, Plaintiff is entitled to past and future lost wages, bonuses, commissions, benefits and loss or diminution of earning capacity.

55. Plaintiff claims general damages for emotional and mental distress and aggravation in a sum in excess of the jurisdictional minimum of this court.

56. Because the acts taken toward Plaintiff were carried out by officers, directors and/or managing agents acting in a deliberate, cold, callous, cruel and intentional manner, in conscious disregard of Plaintiff's rights and in order to injure and damage Plaintiff, Plaintiff requests that punitive damages be levied against Defendants and each of them, in sums in excess of the jurisdictional minimum of this court.

57. Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

///

///

**THIRD CAUSE OF ACTION**

**FOR FAILURE TO PREVENT DISCRIMINATION AND RETALIATION**

**IN VIOLATION OF GOV'T CODE §12940(k)**

**AGAINST ALL DEFENDANTS AND DOES 1-20, INCLUSIVE**

58. Plaintiff re-alleges and incorporates by reference all preceding paragraphs, inclusive, as though set forth in full herein.

59. At all times hereto, the FEHA, including in particular Government Code §12940(k), was in full force and effect and was binding upon Defendants. This subsection imposes a duty on Defendants to take all reasonable steps necessary to prevent discrimination and retaliation from occurring. As alleged above, Defendants violated this subsection and breached its duty by failing to take all reasonable steps necessary to prevent discrimination and retaliation from occurring.

60. The above said acts of Defendants constitute violations of the FEHA, and were a proximate cause in Plaintiff's damages as stated below.

61. The foregoing conduct of Defendants individually, and/or by and through its officers, directors, and/or managing agents, was intended by Defendants to cause injury to Plaintiff or was despicable conduct carried out by Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

62. As a result of Defendants' actions, Plaintiff has suffered and will continue to suffer general and special damages, including severe and profound pain and emotional distress, anxiety, depression, headaches, tension, and other physical ailments, as well as medical expenses, expenses for psychological counseling and treatment, and past and future lost wages and benefits.

63. As a result of the above, Plaintiff is entitled to past and future lost wages, bonuses, commissions, benefits and loss or diminution of earning capacity.

64. Plaintiff claims general damages for emotional and mental distress and aggravation in a sum in excess of the jurisdictional minimum of this court.

///

65. Because the acts taken toward Plaintiff were carried out by officers, directors and/or managing agents acting in a deliberate, cold, callous, cruel and intentional manner, in conscious disregard of Plaintiff's rights and in order to injure and damage Plaintiff, Plaintiff requests that punitive damages be levied against Defendants and each of them, in sums in excess of the jurisdictional minimum of this court.

66. Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

**FOURTH CAUSE OF ACTION**

**FOR FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS**

**IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.**

**AGAINST ALL DEFENDANTS AND DOES 1-20, INCLUSIVE**

67. Plaintiff re-alleges and incorporates by reference all preceding paragraphs, inclusive, as though set forth in full herein.

68. At all times hereto, the FEHA, including in particular Government Code §12940(m), was in full force and effect and was binding upon Defendants.

69. This subsection imposes an ongoing duty on employers to make reasonable accommodation for the known physical disability and/or medical condition of an employee.

70. At all relevant times, Plaintiff was a member of a protected class within the meaning of, in particular, Government Code §§12940(a) & 12986(1) et seq. because Plaintiff had a disability, a physical condition that affected Plaintiff's major life activities, and/or a medical condition of which Defendants had both actual and constructive knowledge.

71. At all times herein, Plaintiff was willing and able to perform the duties and functions of alternative available positions to which Plaintiff was qualified, or could have performed the duties and functions of those positions with or without reasonable accommodation. At no time would the performance of the functions of the employment positions, with a reasonable accommodation for Plaintiff's disability and/or medical condition, actually or as it was perceived by Defendants, have been a danger to Plaintiff's or any other person's health or safety. Accommodation of Plaintiff's disability

and/or medical condition, real or perceived by Defendants would not have imposed an undue hardship on Defendants. Defendants failed and refused to accommodate Plaintiff's disability and/or medical condition, failed to engage in good faith in the interactive process with Plaintiff and continued to violate this obligation, through the present and ongoing.

72. The above said acts of Defendants constitute violations of the FEHA, and were a proximate cause in Plaintiff's damages as stated below.

73. The foregoing conduct of Defendants individually, and/or by and through its officers, directors, and/or managing agents, was intended by Defendants to cause injury to Plaintiff or was despicable conduct carried out by Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

74. As a result of Defendants' actions, Plaintiff has suffered and will continue to suffer general and special damages, including severe and profound pain and emotional distress, anxiety, depression, headaches, tension, and other physical ailments, as well as medical expenses, expenses for psychological counseling and treatment, and past and future lost wages and benefits.

75. As a result of the above, Plaintiff is entitled to past and future lost wages, bonuses, commissions, benefits and loss or diminution of earning capacity.

76. Plaintiff claims general damages for emotional and mental distress and aggravation in a sum in excess of the jurisdictional minimum of this court.

77. Because the acts taken toward Plaintiff were carried out by officers, directors and/or managing agents acting in a deliberate, cold, callous, cruel and intentional manner, in conscious disregard of Plaintiff's rights and in order to injure and damage Plaintiff, Plaintiff requests that punitive damages be levied against Defendants and each of them, in sums in excess of the jurisdictional minimum of this court.

78. Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

///

**FIFTH CAUSE OF ACTION**

**FOR FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS**

**IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.**

**AGAINST ALL DEFENDANTS AND DOES 1-20, INCLUSIVE**

79. Plaintiff re-alleges and incorporates by reference all preceding paragraphs, inclusive, as though set forth in full herein.

80. At all times hereto, the FEHA, including in particular Government Code §12940(n), was in full force and effect and was binding upon Defendants.

81. This subsection imposes an ongoing duty on employers to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee with a known physical disability or known medical condition and/or becoming aware of the employee's need for accommodation.

82. At all relevant times, Plaintiff was a member of a protected class within the meaning of, in particular, Government Code §§12940(a) & 12986(1) et seq. because Plaintiff had a physical disability that affected Plaintiff's major life activities, and/or a medical condition of which Defendants had both actual and constructive knowledge.

83. Plaintiff reported the disability and/or medical condition to Defendants and requested accommodations, triggering Defendants' obligation to engage in the interactive process with Plaintiff, but at all times herein, Defendants failed and refused to do so in good faith. Thereafter, despite Defendants' continuing obligation to engage in the interactive process with Plaintiff, and Plaintiff's desire to continue working in some capacity, Defendants failed and refused to act in good faith in its dialogue with Plaintiff, delayed the interactive process, and rejected all of client's suggestions of possible accommodations without any suggestion of any effective alternative. Defendants violated, and continued to violate this obligation through the present and ongoing.

84. The above said acts of Defendants constitute violations of the FEHA, and were a proximate cause in Plaintiff's damages as stated below.

85. The foregoing conduct of Defendants individually, and/or by and through its officers, directors, and/or managing agents, was intended by Defendants to cause injury to Plaintiff or was

despicable conduct carried out by Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

86. As a result of Defendants' actions, Plaintiff has suffered and will continue to suffer general and special damages, including severe and profound pain and emotional distress, anxiety, depression, headaches, tension, and other physical ailments, as well as medical expenses, expenses for psychological counseling and treatment, and past and future lost wages and benefits.

87. As a result of the above, Plaintiff is entitled to past and future lost wages, bonuses, commissions, benefits and loss or diminution of earning capacity.

88. Plaintiff claims general damages for emotional and mental distress and aggravation in a sum in excess of the jurisdictional minimum of this court.

89. Because the acts taken toward Plaintiff were carried out by officers, directors and/or managing agents acting in a deliberate, cold, callous, cruel and intentional manner, in conscious disregard of Plaintiff's rights and in order to injure and damage Plaintiff, Plaintiff requests that punitive damages be levied against Defendants and each of them, in sums in excess of the jurisdictional minimum of this court.

90. Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## SIXTH CAUSE OF ACTION
## FOR WRONGFUL TERMINATION
## IN VIOLATION THE PUBLIC POLICY OF THE STATE OF CALIFORNIA
## AGAINST ALL DEFENDANTS AND DOES 1-20, INCLUSIVE

91. Plaintiff re-alleges and incorporates by reference all preceding paragraphs, inclusive, as though set forth in full herein.

92. At all relevant times mentioned in this complaint, the FEHA was in full force and effect and was binding on Defendants. This law requires Defendants to refrain, among other things, from

discriminating against any employee on the basis of disability or perceived disability, medical condition or perceived medical condition, and from retaliating against any employee who engages in protected activity.

93. At all times mentioned in this complaint, it was a fundamental policy of the State of California that Defendants cannot discriminate and/or retaliate against any employee on the basis of disability or perceived disability, medical condition or perceived medical condition, and/or engagement in protected activity.

94. Plaintiff believes and thereon alleges that Plaintiff's disability and medical condition, real or perceived, engagement in protected activity with respect to these protected classes, and/or some combination thereof, were factors in Defendants' conduct as alleged hereinabove.

95. Such discrimination, and retaliation, resulting in the wrongful termination and/or constructive termination of Plaintiff's employment on the basis of Plaintiff's disability and medical condition, real or perceived, use of medical leave, engagement in protected activity, and/or some combination of these factors, were a proximate cause in Plaintiff's damages as stated below.

96. The above said acts of Defendants constitute violations of the Government Code and the public policy of the State of California embodied therein as set forth above. Defendants violated these laws by discriminating, and retaliating against Plaintiff, and terminating Plaintiff's employment in retaliation for exercise of protected rights.

97. At all times mentioned in this complaint, it was a fundamental policy of the State of California that employers cannot discriminate and/or retaliate against any employee in violation of FEHA.

98. Plaintiff is informed and believes, and based thereupon alleges, that Plaintiff's status as a protected member of multiple classes under the FEHA were a proximate cause in Plaintiff's damages as stated below.

99. The foregoing conduct of Defendants individually, and/or by and through its officers, directors, and/or managing agents, was intended by Defendants to cause injury to Plaintiff or was despicable conduct carried out by Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights

such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

100. As a result of Defendants' actions, Plaintiff has suffered and will continue to suffer general and special damages, including severe and profound pain and emotional distress, anxiety, depression, headaches, tension, and other physical ailments, as well as medical expenses, expenses for psychological counseling and treatment, and past and future lost wages and benefits.

101. As a result of the above, Plaintiff is entitled to past and future lost wages, bonuses, commissions, benefits and loss or diminution of earning capacity.

102. Plaintiff claims general damages for emotional and mental distress and aggravation in a sum in excess of the jurisdictional minimum of this court.

103. Because the acts taken toward Plaintiff were carried out by officers, directors and/or managing agents acting in a deliberate, cold, callous, cruel and intentional manner, in conscious disregard of Plaintiff's rights and in order to injure and damage Plaintiff, Plaintiff requests that punitive damages be levied against Defendants and each of them, in sums in excess of the jurisdictional minimum of this court.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment against Defendants, in an amount according to proof, as follows:

1. For a money judgment representing compensatory damages including lost wages, earnings, commissions, retirement benefits, and other employee benefits, and all other sums of money, together with interest on these amounts; for other special damages; and for general damages for mental pain and anguish and emotional distress and loss of earning capacity;

2. For prejudgment interest on each of the foregoing at the legal rate from the date the obligation became due through the date of judgment in this matter;

3. For a declaratory judgment reaffirming Plaintiff's equal standing under the law and condemning Defendants' discriminatory practices;

///

4. For injunctive relief barring Defendants' discriminatory employment policies and practices in the future;

5. For punitive damages, pursuant to Civil Code §3294 in amounts sufficient to punish Defendants for the wrongful conduct alleged herein and to deter such conduct in the future;

6. For costs of suit, attorneys' fees, and expert witness fees pursuant to the FEHA and/or any other basis;

7. For post-judgment interest; and

8. For any other relief that is just and proper.

DATED: December 3, 2020

**THE DOMINGUEZ FIRM, LLP**

By: ______________________________
Jace H. Kim, Esq.
Carlos A. Perez, Esq.
Javier Ramirez, Esq.
Attorneys for Plaintiff, GABRIELA ROYO

**JURY TRIAL DEMANDED**

Plaintiff GABRIELA ROYO demands trial of all issues by jury.

DATED: December 3, 2020

**THE DOMINGUEZ FIRM, LLP**

By: ______________________________
Jace H. Kim, Esq.
Carlos A. Perez, Esq.
Javier Ramirez, Esq.
Attorneys for Plaintiff, GABRIELA ROYO

RECEIVED
DEC 04 2020
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT